**In re SHARON STEEL CORPORATION, et al., Debtors.**

**UNITED STATES TRUSTEE, Appellant,**

**v.**

**PRICE WATERHOUSE, et al., Appellees.**

**Civ. A. No. 93–297.**

United States District Court, W.D. Pennsylvania.

May 12, 1993.

Herbert P. Minkel, Jr., New York City, for Price Waterhouse.

Stephen I. Goldring, Pittsburgh, PA, trustee.

**MEMORANDUM OPINION**

BLOCH, District Judge.

Presently before the Court is an appeal filed by the United States Trustee from a bankruptcy court order dated March 17, 1993. In reviewing this bankruptcy court order, this Court may set aside findings of

fact if they are clearly erroneous. *In re Morrissey*, 717 F.2d 100, 104 (3d Cir.1983). All questions of law are subject to plenary review. *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir.1988).

Sharon Steel Corporation, Sharon Specialty Steel, Inc., and Monessen, Inc. (collectively "debtors") each filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 30, 1992. The cases are being jointly administered.

On December 7, 1992, debtors filed an application for authorization to employ Price Waterhouse as accountant and financial adviser (the application). By order dated December 29, 1992, the bankruptcy court authorized such employment retroactively to the filing date of November 30, 1992, and continuing until January 7, 1993. A hearing was held on January 7, 1993, to consider the continued employment of Price Waterhouse.

On March 17, 1993, Bankruptcy Judge Warren Bentz filed an opinion wherein Judge Bentz approved the continued appointment of Price Waterhouse as accountant and financial adviser. 152 B.R. 447. The United States Trustee has appealed that holding.

The United States Trustee objects to the application on the basis that Price Waterhouse holds a pre-petition unsecured claim in the amount of $875,894.15. The United States Trustee asserts that Price Waterhouse is ineligible for employment by the debtors as Price Waterhouse cannot satisfy the requirement of 11 U.S.C. § 327(a) that it be disinterested. No other party opposes the application.

*I. Discussion*

■ Under 11 U.S.C. § 1107(a), a debtor in possession may generally select its own professionals without interference. 11 U.S.C. § 1107(a). A debtor's selection, however, is subject to the limitations of 11 U.S.C. § 327(a)—the professionals must be "disinterested persons" and not have any "interest adverse to the estate." 11 U.S.C. § 327(a). Title 11 U.S.C. § 101(14)(A) de-

fines "disinterested person" as one that "is not a creditor...." 11 U.S.C. § 101(14)(A).

It is uncontested that Price Waterhouse is a creditor of the estate. Therefore, if read and interpreted literally, as argued by the United States Trustee, Price Waterhouse would be barred as creditor as it is *per se* "interested."

■ However, in *In re BH & P, Inc.*, 949 F.2d 1300 (3d Cir.1991), the Third Circuit adopted a flexible approach to disqualification of professional employees, rather than the *per se* rule advanced by the United States Trustee. *See BH & P*, 949 F.2d at 1316. "This flexible approach will require the bankruptcy courts to analyze the factors present in any given case in order to determine whether the efficiency and economy which may favor [in the *BH & P* case] multiple representation must yield to competing concerns effecting fairness to all parties involved in protection of the integrity of the bankruptcy process." *Id.*

The Court rejected a *per se* rule, stating:

The case law generated in connection with multiple representation of related bankruptcy estates establishes that courts have generally declined to formulate bright-line rules concerning the criteria for disqualification but have favored instead an approach which gives the bankruptcy court discretion to evaluate each case on its facts, taking all circumstances into account.

*Id.* at 1315 (citing cases). The Third Circuit went on to endorse the bankruptcy court's articulation of the following standard:

The court should generally disapprove employment of a professional with a potential conflict, with certain possible exceptions. First of all, ... there may occasionally be large cases where every competent professional in a particular field is already employed by a creditor or a party in interest....

The other exception is where the possibility that the potential conflict will become actual is remote, and the reasons for employing the professional in question are particularly compelling. This Court will not attempt here to define the parameters of this exception, which nec-

essarily will depend upon the facts of a particular case. I will, however, note that even in such situations, employment of a professional with a potential conflict is disfavored.

*Id.* at 1316 (*quoting In re BH & P*, 103 B.R. 556, 564 (Bankr.D.N.J.1989)).

Although the *BH & P* Court was dealing with interdebtor multiple representation and the distinction between "potential" and "actual" conflicts set forth in 11 U.S.C. § 327(c), this Court can find no reason why this logic should not be extended to § 101(14)(A) disqualifications. *See In re Martin,* 817 F.2d 175, 181 (1st Cir.1987); *In re Federated Department Stores, Inc.,* 114 B.R. 501, 505 (Bankr.S.D.Oh.1990); *In re P H M Credit Corp.,* 110 B.R. 284, 288–89 (E.D.Mich.1990). Even in the instant context, "historically, bankruptcy courts have been accorded wide discretion in connection with ... the terms and conditions of the employment of professionals." *Id.* at 1316 (*quoting In re Martin,* 817 F.2d at 182).

In reviewing Bankruptcy Judge Bentz's use of his discretion, this Court must look to ensure that "those factors underlying the exercise of discretion [have] been factually substantiated upon the evidentiary record." *BH & P,* 949 F.2d at 1317.

■ Although Price Waterhouse is a creditor in the instant case, thereby becoming defined as an "interested person" under 11 U.S.C. § 101(14)(A), Price Waterhouse is an unsecured creditor enjoying no preferred status. Further, Price Waterhouse has stated by affidavit that it will not participate as an unsecured creditor in debtors' Chapter 11 case nor will it vote on its claim in connection with the confirmation of any plan of reorganization. Also, the Official Committee of Unsecured Creditors (the Committee) has voted unanimously to support the retention of Price Waterhouse. (Tr. at 8). The secured lenders did not file an objection, stating that "the cost to replace [Price Waterhouse] would probably be prohibitive." (Tr. at 8). In fact, the only objection to the application has been filed by the United States Trustee. The United States Trustee, conceding that its objection is based exclusively on an abstract reading of the law, stated that "the United States Trustee's position regarding the application of Price Waterhouse is not premised on the ability of Price Waterhouse to perform adequately in this case or on the possible need for Price Waterhouse to remain in this case." (Tr. at 12).

To underscore the "particularly compelling" nature of the instant case, Bankruptcy Judge Bentz has set forth the following additional factors:

Price Waterhouse is most familiar with the debtors' accounting system and systems in operations. It assisted the debtor in preparation for the preliminary hearing on the use of cash collateral in early December. Following that hearing, that debtor's motion to use cash collateral was interimly denied, but the debtor was given an opportunity to revise its business plan and to present further evidence of its ability to operate profitably at a final cash collateral hearing.... The debtor requires the expertise of Price Waterhouse to develop and present its revised business plan.

Even if the debtor had the capability of engaging an accounting firm to replace Price Waterhouse, it would be extraordinarily expensive and take a substantial length of time to become familiar with the debtor's needs.

The debtor has no cash to pay a retainer to a new firm and it is unlikely that a new firm could be engaged without a retainer given the serious possibility that this estate will have no funds with which to pay administrative expenses. Further, the debtor is under time constraints to complete its work and present it to the court.

The economic realities of this case make Price Waterhouse's appointment imperative. No harm to any other party has been alleged or can be shown.... Clearly, the failure to appoint Price Waterhouse would jeopardize any hope the debtor has of presenting a business plan demonstrating that the debtor has any chance at reorganization.

152 B.R. at 450.

These findings are supported by the evidence of record and this Court leaves them

undisturbed. After all, "[t]he bankruptcy judge is on the front line [and] in the best position to engage the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails." *In re Martin*, 817 F.2d at 182.

Having found that the bankruptcy court enjoys discretion, albeit limited, when making a disqualification decision and, having found that Bankruptcy Judge Bentz properly exercised that discretion, the opinion and order of the bankruptcy court will be affirmed.