Puchi-Munoz v. Garland

BIA
A089 709 246

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> PIERRE N. LEVAL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

SERGIO BOLIVAR PUCHI-MUNOZ,
> *Petitioner*,

v.                                                      18-2417
                                                        NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:              Perham Makabi, Kew Gardens, NY.

FOR RESPONDENT:              Brian M. Boynton, Acting Assistant Attorney General;

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Bernard A. Joseph, Senior Litigation Counsel; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Sergio Bolivar Puchi-Munoz, a native and citizen of Ecuador, seeks review of a July 16, 2018, decision of the BIA denying his motion to reopen his removal proceedings. *In re Sergio Bolivar Puchi-Munoz,* No. A089 709 246 (B.I.A. Jul. 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's denial of the motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). Puchi-Munoz moved to reopen his removal proceedings to apply for cancellation of removal, asserting that his prior counsel was ineffective in not filing an application for that relief. It is undisputed that Puchi-Munoz's motion was untimely because he filed it almost two years after the BIA's 2015 decision affirming his removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). While ineffective assistance of counsel can

2

excuse an untimely filing, *see Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008), the BIA may deny even a timely motion if a noncitizen fails to establish prima facie eligibility for the relief sought, *see INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (concluding that the prima facie standard requires an applicant to show "'a realistic chance' that he will be able to establish eligibility" for relief (quoting *Jian Lian Guo v. Ashcroft*, 386 F.3d 556, 563-64 (3d Cir. 2004))).  The BIA did not abuse its discretion because it reasonably concluded that Puchi-Munoz did not have a realistic chance of establishing his prima facie eligibility for cancellation.

A nonpermanent resident, like Puchi-Munoz, may have his removal cancelled if he (1) "has been physically present in the United States for a continuous period of not less than 10 years," (2) "has been a person of good moral character during such period," (3) has not been convicted of certain offenses, and (4) demonstrates that his "removal would result in exceptional and extremely unusual hardship" to a qualifying relative (here, his U.S. citizen daughter).  8 U.S.C. § 1229b(b)(1).  The BIA denied reopening based on its

3

determination that Puchi-Munoz would not be able to show the requisite hardship. Hardship is a high standard that requires a showing that the "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001). The agency considers, among other evidence, "the ages, health, and circumstances" of qualifying relatives, including whether they "are solely dependent upon [the applicant] for support" or have "very serious health issues." *Id.* at 63. "A lower standard of living or adverse country conditions in the country of return are factors to consider only insofar as they may affect a qualifying relative, but generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Id.* at 63–64.

The BIA reasoned that Puchi-Munoz's daughter's asthma and other health conditions were not so serious that Puchi-Munoz's removal would cause her to "suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members." *Id.* at 65. Puchi-Munoz submitted a

4

doctor's 2016 statement that his daughter has been diagnosed with asthma in the past and uses a nebulizer. Although severe or extreme asthma may support a cancellation claim, *see Mendez v. Holder*, 566 F.3d 316, 318, 322-23 (2d Cir. 2009) (concluding that daughter's asthma—which resulted in 25 attacks a year, requiring use of a home nebulizer and several visits to the emergency room—could support a cancellation claim), the doctor's statement does not include any further details about the severity of Puchi-Munoz's daughter's asthma or the frequency of attacks. Further, the medical records did not confirm an asthma diagnosis or suggest that Puchi-Munoz's daughter had breathing difficulties that were severe or frequent. On this record, the BIA reasonably concluded that Puchi-Munoz did not have "a realistic chance" of showing the requisite hardship. *Poradisova*, 420 F.3d at 78 (internal quotation marks omitted); *cf. Mendez*, 566 F.3d at 318, 322-23.

Puchi-Munoz's other arguments on appeal are unavailing. First, contrary to his argument that the BIA's decision was "perfunctory," that decision provided the "certain minimum level of analysis" required for meaningful judicial review, *Poradisova*, 420 F.3d at 77. The BIA considered the evidence,

noting that Puchi-Munoz's daughter had been diagnosed with asthma in the past, used a nebulizer and albuterol, and had a number of medical visits and treatments since birth, but reasonably concluded that that evidence would not satisfy the requisite hardship standard. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (concluding that BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence" (internal quotation marks omitted)). Puchi-Munoz also contends that the BIA's decision was perfunctory because it did not discuss his arguments about the availability of adequate medical treatment in Ecuador and the lower income he will earn in Ecuador. But he did not submit any evidence to the BIA to support these arguments. *See Jian Hui Shao*, 546 F.3d at 157–58 ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."); *id.* at 168 (explaining that movant carries a "heavy burden" on reopening (quoting *Abudu*, 485 U.S. at 110)). Moreover, "[a] lower standard of living or adverse country conditions in the country of return . . . generally will be insufficient in themselves to support a

finding of exceptional and extremely unusual hardship." *Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64.

Second, the BIA was not required to explicitly rule on whether Puchi-Munoz's prior counsel was ineffective because its determination that he would not satisfy the hardship standard was dispositive. *See Abudu*, 485 U.S. at 104–05. In any event, the BIA's hardship determination effectively resolved his ineffective assistance claim because such a claim requires a showing of prejudice, which in turn requires a showing of prima facie eligibility for the relief sought. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) ("In order . . . to show that his attorney's failure . . . caused him actual prejudice, he must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7