Singh v. Garland

BIA
A200 939 211

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

HARBREET SINGH,
> *Petitioner,*

v.

> 20-1013
> NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Genet Getachew, Esq., Brooklyn, NY. |
| **FOR RESPONDENT:** | Jennifer B. Dickey, Acting Assistant Attorney General; Nancy E. Friedman, Senior Litigation |

Counsel; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harbreet Singh,[1] a native and citizen of India, seeks review of a March 2, 2020 decision of the BIA, denying his motion to reopen. *In re Harbreet Singh,* No. A200 939 211 (B.I.A. Mar. 2, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and its country conditions determination for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Singh's 2019 motion to reopen was untimely because he filed it five years after his removal order became final in 2014. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

---

[1] The Certified Administrative Record is inconsistent as to Petitioner's name; it refers to Petitioner as both Harpreet and Harbreet Singh. This order uses Harbreet Singh to refer to Petitioner, consistent with the caption on appeal.

2

Although the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered," 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3), the BIA did not err in finding that Singh failed to show a change in conditions in India material to his claimed fear of persecution on account of his support of a 2020 referendum to form an independent Sikh state of Khalistan.

Singh's evidence in support of his motion to reopen showed that the Indian government had targeted Khalistan supporters for arrest between 2014 and 2019. And he testified at his 2012 hearing that Indian authorities detained and beat him for supporting the creation of Khalistan. Thus, the record reflects continuing mistreatment of Khalistan supporters, not a change in conditions since Singh's hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that

3

would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). The BIA did not err in noting that Singh failed to submit an affidavit attesting to his support of the Khalistan referendum, and that, even if he had, the BIA would not have been required to credit it given the underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–49 (2d Cir. 2007) (holding that the BIA may decline to credit unauthenticated evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4