In re CAMPBELL–ERSKINE
APOTHECARY, INC.,
Debtor.

No. 03–30616 BM.

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 4, 2003.

Charles E. Bobinis, Pittsburgh, PA, for Debtor.

Paul G. Kachulis, Pittsburgh, PA, for Blyden Terry.

Norma Hildenbrand, for United States Trustee.

### *MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

Two motions presently are before the court.

Blyden Terry, who asserts he has an equitable interest in debtor, has objected to the appointment of the Bernstein Law Firm, P.C., (hereinafter "Bernstein") as bankruptcy counsel to debtor. We understand Terry's motion as requesting that we vacate an order entered previously which approved Bernstein's appointment as counsel to debtor. The motion will be denied for reasons set forth in this memorandum opinion.

The United States trustee has brought a motion in accordance with 11 U.S.C. § 1112(b) to dismiss debtor's chapter 11 case because a building debtor owns has no fire insurance. The motion will be denied, but only if Richard Mosse, who claims to be debtor's sole shareholder and

executive vice-president, lends money to debtor's bankruptcy estate and debtor uses the loan proceeds to purchase the required insurance. Should he do so and should debtor forthwith purchase the required insurance, Mosse will have an allowed administrative claim in the amount of the loan. Should Mosse fail to do so or debtor fail to purchase the required insurance promptly, debtor's bankruptcy case will be dismissed without further order of court.

—FACTS—

Debtor is a Pennsylvania corporation. It apparently has not actively done business as an apothecary for some time, perhaps many years.

Debtor filed a voluntary chapter 11 petition on August 26, 2003. Richard Mosse signed the petition on behalf of debtor pursuant to a resolution of its purported board of directors consisting of Mosse and his wife.

The bankruptcy schedules list assets with a total declared value of $1,062,000 and liabilities totaling $115,000.

Included among estate assets is a tract of land with a building on it located at 129–131 Highland Avenue in Pittsburgh, Pennsylvania. The property has a declared value of $350,000 and is subject to several disputed secured tax liens aggregating $100,000. Numerous month-to-month tenants occupy approximately thirty percent of the building. The remainder is vacant and is not accessible to the tenants or the general public.

The remainder of debtor's assets consists of rents allegedly owed by the tenants ($250,000), a debt allegedly owed by Blyden Terry for repairs made to the building ($75,000), equipment and fixtures on the premises ($275,000) and sixty-two freestanding HVAC units ($112,000).

In addition to the above disputed secured tax liens, debtor's schedules list only two creditors with undisputed general unsecured claims totaling $15,000.

Richard Mosse is not listed on the schedules as having a pre-petition claim of any kind against the bankruptcy estate. The same is true for Bernstein.

An order issued on August 28, 2003, approving the appointment of Bernstein as counsel to debtor in this bankruptcy case.

A tax sale of debtor's property located at 129–131 Highland Avenue was scheduled for August of 2003. It was postponed, however, and did not take place before debtor filed its chapter 11 petition.

Debtor commenced an action is state court against the tenants of the building, including Blyden Terry, in April of 2003. Bernstein represented debtor in the proceeding. Richard Mosse was not a named party to the action.

The complaint asserted that debtor owned the property. According to debtor, defendants had no claim or right in the property but nonetheless were in possession pursuant to an agreement with debtor allowing them to remain in possession in return for paying all maintenance and expenses of the property, including taxes, insurance and utilities, in lieu of rent. Count I sought authorization to eject the tenants so that debtor might regain possession of the property. Count II sought monetary damages from defendants for unpaid taxes and maintenance.

According to the docket in the state court proceeding, Blyden Terry asserted a counterclaim, apparently against debtor. The precise nature of the counterclaim is not indicated in the record of this bankruptcy proceeding.

The above lawsuit was still pending and hence was automatically stayed when debt-

or filed its bankruptcy petition on August 26, 2003.

An order issued on August 28, 2003, approving the retention of Bernstein as counsel to debtor in this bankruptcy case.

On September 12, 2003, Blyden Terry brought a motion to vacate the order approving the retention of Bernstein as bankruptcy counsel to debtor, claiming that Bernstein's interest was adverse to that of debtor. Debtor opposes the motion.

Three days later, on September 15, 2003, debtor commenced a turnover action pursuant to § 542(a) of the Bankruptcy Code against the same defendants named in the unresolved state court action. Among other things, debtor avers in the complaint, that defendants presently are in possession of the property; that defendants have no interest in the property; and that debtor could use, sell or lease the property under § 363 of the Bankruptcy Code. Debtor requests an order directing defendants to turn the property over to it. The case has not yet been scheduled for trial.

Blyden Terry was the only defendant to respond to the complaint. In his answer, Terry asserts that he has an equitable interest in the property and is involved in a contract dispute with Mosse in the above state court action concerning ownership of the property.

As for the remaining named defendants, none of whom answered the complaint, debtor has brought a motion for default judgment against them. The motion has not yet been scheduled for oral argument and is pending.

Finally, on October 10, 2003, the United States trustee brought a motion to dismiss debtor's chapter 11 case for cause pursuant to § 1112(b). The case should be dismissed, the United States trustee asserts, because debtor has failed to discharge its fiduciary duty to insure the property against loss or damage due to fire. Debtor opposes the motion.

An evidentiary hearing on the United States trustee's motion and on Terry's motion was conducted on November 17, 2003. All interested parties were given an opportunity to offer evidence pertaining to these matters. Debtor's turnover action was not tried at the hearing.

—DISCUSSION—

Two matters will be addressed in this memorandum opinion: (1) the United States trustee's motion to dismiss debtor's chapter 11 petition; and (2) Blyden Terry's motion to vacate the order approving the appointment of Bernstein as bankruptcy counsel to debtor. We will consider these matters *seriatim.*

The adversary action wherein debtor seeks an order directing defendants to turn over the property located at 129—131 Highland Avenue has yet to be scheduled for trial and will not be decided in this memorandum opinion. For reasons that are not apparent, much of the evidence presented at the evidentiary hearing concerned whether Mosse was the sole shareholder of debtor or Terry had an equitable interest therein. Such evidence will be considered here, if at all, only to the extent that it is relevant to the above motions. The question who owns debtor's shares will not, however, be decided until the adversary action is tried.

—I—

*Motion To Dismiss*

In a chapter 11 case in which no trustee is appointed, the term "debtor-in-possession" refers to the debtor, in this case Campbell–Erskine Apothecary, Inc. *See* 11 U.S.C. § 1101(1).

If one is appointed, a trustee is an officer of the court having certain fiduciary duties. If a trustee is not appointed, the debtor-in-possession assumes those fiduciary duties the same as would an appointed trustee. *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 474 (3d Cir.1998). Included among the fiduciary duties of a debtor-in-possession is protecting and conserving estate assets for the benefit of creditors. *Id.* This is a paramount duty of a trustee or, as the case may be, of a debtor-in-possession. *In re Cybergenics Corp.*, 226 F.3d 237, 243 (3d Cir.2000).

Insuring estate property against loss or destruction is one of the fundamental aspects of this fiduciary duty. Failure to do so can have "dramatic consequences", including dismissal of the bankruptcy case for cause in accordance with § 1112(b) of the Bankruptcy Code. *Matter of Indiana Walnut Products, Inc.*, 136 B.R. 522, 525 (Bankr.N.D.Ind.1991). Management of the debtor may even be personally liable to the bankruptcy estate should it be harmed as a result of a failure on the part of management to provide insurance. *Id.* (citing *In re San Juan Hotel Corp.*, 847 F.2d 931 (1st Cir.1988)).

Numerous tenants occupy a significant portion of the building debtor owns. They or their customers could be injured in the event of a fire or other catastrophe. Failure to provide such insurance could result not only in the loss of a potentially valuable estate asset; innocent non-creditor third parties who might be injured as a result of negligence of the debtor-in-possession may be entitled to administrative claims with priority over allowed unsecured pre-petition claims. *See Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968).

The property located at 129–131 Highland Avenue presently is uninsured against damage or loss due to fire. Richard Mosse testified that neither he nor debtor had purchased fire insurance for the property since 1995. Blyden Terry testified that he too has not purchased such insurance and has no present intention to do so.

Normally we would dismiss a chapter 11 case for cause under such circumstances. To do so in this instance would, however, be a Pyrrhic victory for the United States trustee. We therefore will make an exception in this instance and not dismiss debtor's chapter 11 case, provided that fire insurance is purchased forthwith. Perhaps realizing that debtor's case would be dismissed pursuant to § 1112(b), Richard Mosse stated on re-call at the evidentiary hearing that he personally would lend money to debtor to purchase the required insurance.

Should Mosse do so and should debtor provide proof of insurance to the court and the United States trustee within ten days, debtor's case will not be dismissed. Mosse will have an allowed administrative claim in the amount loaned to purchase such insurance. Should he fail to do so or should debtor fail to provide proof of insurance within this period, however, debtor's case shall be dismissed on the eleventh day without further order of court.

—II—

### *Motion To Vacate Order Appointing Bernstein As Counsel To Debtor*

Blyden Terry requests that we vacate the order of August 28, 2003, approving the retention of Bernstein as counsel to debtor because Bernstein's interests are adverse to the interests of the debtor corporation. The motion is without merit and shall be denied.

A debtor-in-possession may employ an attorney to represent it and to assist it in carrying out its duties only with the approval of the bankruptcy court. *See* 11 U.S.C. § 327(a). An attorney so employed may not, however, hold or represent an interest "adverse to the estate" and must be "disinterested". *Id.;* also *In re BH & P, Inc.,* 949 F.2d 1300, 1314 (3d Cir.1991).

A "disinterested" person for purposes of the Bankruptcy Code is one who:

> ...does not have an interest materially adverse to the interests of the estate or any class of equity security holders, by reason of any direct or indirect relation to, connection with, or interest in the debtor..., or for any other reason.

11 U.S.C. § 101(14)(E).

Prior representation of a debtor-in-possession, without something more, does not require counsel's disqualification from serving as debtor-in-possession's bankruptcy counsel. There must be an actual conflict for disqualification to occur. *See* 11 U.S.C. § 1107(b); also *In re Pillowtex, Inc.,* 304 F.3d 246, 251 (3d Cir.2002). Counsel may not, however, serve as bankruptcy counsel if it is a pre-petition creditor of the debtor. *See* 11 U.S.C. 101(14)(A); also *United States Trustee v. Price Waterhouse,* 19 F.3d 138, 141 (3d Cir.1994).

Disqualification of counsel is mandatory where there is an actual conflict, is permissible where there is a potential conflict, and is impermissible where there is only the appearance of a conflict. *Id.*

The term "actual conflict" is not defined anywhere in the Bankruptcy Code. Determining whether there is an actual conflict can only be done on a case-by-case basis. *In re BH & P,* 949 F.2d at 1315.

Terry asserts that Bernstein should be disqualified from serving as counsel to debtor-in-possession because Bernstein's interest is materially adverse to the interest of the debtor corporation. He cites to various considerations in support of this proposition.

According to Terry, debtor's statement of financial affairs discloses that Mosse, not debtor-in-possession Campbell–Erskine Apothecary, paid $850 in counsel fees to Bernstein in connection with the bankruptcy filing. This assertion is factually incorrect. Examination of the document entitled "Disclosure Of Compensation Of Attorney For Debtor(s)" reveals that $830 of these funds were used to pay the filing fee for debtor's chapter 11 petition. The funds were *not* used, as Terry maintains, to pay a counsel fee to Bernstein. What was done with the remaining $20 is not clear. It is conceivable that Mosse paid Bernstein $830 for the filing fee instead of $850 and that debtor's statement of financial affairs contains a typographical error. We simply do not know.

More to the point, we fail to see how a payment of $850 (or $830) by Mosse to Bernstein for the filing fee, without something more, establishes that *Bernstein's* interest is adverse to the interest of the bankruptcy estate [1]. Such an inference in our estimation is a howler of a *non sequitur.*

Terry additionally asserts that Bernstein's interest is adverse to debtor's interest because Bernstein represented Mosse, not debtor, in the ejectment action brought in state court against Terry and other

---

1. It should be noted that, according to § 327(a), a professional may not have an interest or represent an interest that is adverse *to the bankruptcy estate.* Terry's arguments fail to make this distinction and repeatedly speak instead of *the debtor corporation.* They are not necessarily the same in a bankruptcy context.

defendants. This assertion also is factually incorrect. The official docket of the state court proceeding identifies Bernstein as attorney for debtor, not Mosse. Bernstein's previous representation of debtor in the state court proceeding does not necessarily disqualify it from serving as counsel to debtor in this bankruptcy case. *See* 1107(b); also *In re Pillowtex*, 304 F.3d at 251.

We ascribe no significance in this regard to statements that Mosse was "our client" made to Terry by an attorney for Bernstein during unsuccessful negotiations to amicably resolve the state court lawsuit. In our estimation, these statements do not establish that Bernstein represented Mosse instead of debtor in the lawsuit. Counsel, we believe, spoke imprecisely in this context because he had no reason to think that precision in identifying his client was necessary. Terry has provided no good reason why we should regard these off-handed statements as intending to identify who Bernstein was representing.

The issue—apparently raised in the counterclaim Terry asserted in the state court proceeding—concerning whether Mosse is debtor's sole shareholder or Terry has an equitable interest therein does *not* support the inference that Bernstein's interest is adverse to or that it represents an interest that is adverse *to the bankruptcy estate* in this case. As indicated, there is no indication in the record that Bernstein represented Mosse on this matter.

Even if it represented Mosse in this regard, the most that could be said is that Bernstein represented an entity *other than debtor* whose interest was adverse to the interest of *Terry* as an alleged equity security holder. Such a conflict, if one existed, would not require the disqualification of Bernstein as counsel to debtor in this case. Moreover, Terry has cited to no authority for the proposition that if bankruptcy counsel previously represented an individual who was embroiled in a dispute with another individual concerning ownership of debtor's stock, counsel is disqualified from representing the debtor in a subsequent proceeding.

There might be reason to disqualify Bernstein from serving as counsel to debtor in this bankruptcy case if Bernstein had once represented Mosse and Mosse were a pre-petition creditor of the bankruptcy estate, but only if its representation of Mosse gave rise to an actual conflict of interest. 11 U.S.C. § 327(c). Not only is there nothing in the record indicating that Bernstein had ever previously represented Mosse personally, there is nothing in the record indicating that Mosse presently is a pre-petition creditor of debtor's bankruptcy estate. He is not listed as a creditor on debtor's bankruptcy schedules. Terry has not maintained that Mosse is a pre-petition creditor in this bankruptcy case.

Were Bernstein a pre-petition creditor in this bankruptcy case, there would be reason to disqualify it from serving as bankruptcy counsel in this case. See *United States Trustee v. Price Waterhouse*, 19 F.3d at 141. There is nothing in the record of this case, however, indicating that Bernstein is a pre-petition creditor of the bankruptcy estate. Terry has made no such showing. Standing alone, Bernstein's representation of debtor in the state court proceeding is not dispositive in this regard. *In re Pillowtex*, 304 F.3d at 251.

For all that we can tell from the evidence of record offered at the evidentiary hearing, Mosse may have gratuitously paid Bernstein out of his own pocket for the services it rendered on debtor's behalf in the state court proceeding. Alternatively, debtor may have paid Bernstein in full for the services it provided in the state court proceeding prior to the filing of the chap-

ter 11 petition. Terry did not assert that Bernstein was a pre-petition creditor of the debtor.

We conclude in light of the foregoing that Terry's motion to vacate the order approving the retention of Bernstein as counsel to debtor in this bankruptcy case should be denied.