

Villanova University Charles Widger School of Law
Villanova University Charles Widger School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# In Re: E Toys Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2360

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: E Toys Inc " (2008). *2008 Decisions.* Paper 1661.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1661

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2360
_____

IN RE: E TOYS INC.,
Debtor


ROBERT K. ALBER,

Appellant

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 05-cv-00831)
District Judge: Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
January 2, 2008

Before:    MCKEE, SMITH AND CHAGARES, <u>CIRCUIT JUDGES</u>.

(Filed January 30, 2008)
_____

OPINION
_____

PER CURIAM

    Appellant Robert K. Alber appeals from the order of the United States District

Court for the District of Delaware dismissing under Rule 41(b) of the Federal Rules of

Civil Procedure Alber's appeal from a final order of the United States Bankruptcy Court

for the District of Delaware. For the reasons discussed below, we will affirm.

Because the facts of the case are well-known to the parties, we will only briefly summarize them as relevant to this appeal. In March 2001, eToys, Inc. ("eToys" or "the Debtor") filed a voluntary bankruptcy petition. Alber, an eToys shareholder, actively participated in the bankruptcy proceedings. In October 2005, the Bankruptcy Court issued an opinion and order regarding violations by estate professionals of the Bankruptcy Code's disinterestedness requirements and disclosure obligations. Among other things, the Bankruptcy Court (1) granted in part Alber's motion to disqualify and for disgorgement of fees from the Debtor's counsel, Morris Nichols Arsht & Tunnell ("MNAT"); (2) approved the settlement agreement between the United States Trustee and counsel of the official committee of unsecured creditors, Traub Bonacquist & Fox ("TBF"), under which TBF agreed to disgorge $750,000 in fees; and (3) denied Alber's motion for sanctions to the extent that it sought relief against TBF and against Barry Gold, administrator of the Debtor's liquidating plan, beyond the relief provided under the settlement.

On December 5, 2005, Alber appealed from the Bankruptcy Court's order and filed a designation of the record on appeal pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure. On August 30, 2006, the District Court granted motions by TBF, Gold, and MNAT to strike the designation, finding that the items listed in Alber's designation were not sufficiently identified to determine whether they were part of the Bankruptcy Court record. The District Court allowed Alber two weeks to file an

amended designation of the record, in which Alber was to identify the items by specific docket number.

On September 22, 2006, the District Court issued a scheduling order (amending a prior order), under which Alber was to file his opening brief by October 4, 2006. Alber failed to file his opening brief as ordered. MNAT, Gold, and TBF filed a motion for a status conference to address the consequences of Alber's failure to timely file his opening brief. On October 16, 2006, Alber responded to the motion and requested an extension of time to file his brief, citing reasons of mental fatigue and stress. On October 23, 2006, the District Court granted Alber's request and set a new deadline of November 15, 2006. Once again, Alber failed to comply with the District Court's scheduling order. On November 17, 2006, Gold, TBF, and MNAT filed a motion to dismiss Alber's appeal and a brief in support thereof. Attached as an exhibit to the brief was a copy of email correspondence dated November 16, 2006, from Alber to certain of the appellees, stating his intention to seek additional time to file his brief. He also advised that his health was "greatly improved" and that he was "now in a mental state able to continue," noting that he had been struggling before his November 15, 2006 deadline due to events relating to other litigation in Arizona. However, Alber did not file any opposition to the motions to dismiss, did not file a motion for another extension of time, and did not file his brief. On January 5, 2007, the District Court[1] issued an order setting a new deadline of January 18,

_____

[1] Upon the presiding District Judge's appointment to this Court, in the interim before another District Judge was assigned to the case, a Magistrate Judge issued the scheduling

3

2007, affording Alber a third opportunity to file his brief, with a warning that noncompliance would result in dismissal of the appeal for failure to prosecute. Again, Alber did not file a brief in compliance with the January 18, 2007 deadline[2] and did not file a motion for another extension of time.

On February 27, 2007, the District Court granted the pending motion to dismiss and dismissed Alber's appeal with prejudice. Alber now appeals from the District Court's order.[3]

We have appellate jurisdiction under 28 U.S.C. § 158(d). We review the District Court's dismissal for failure to comply with the scheduling orders for abuse of discretion. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). To determine whether the District Court abused its discretion, we consider how the court balanced the six factors set out in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984). The factors are (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal

_____

order.

[2] The certificate of service contained in the District Court record (docket number 46) reflects that Alber mailed his brief to the District Court on January 19, 2007, one day late under Bankruptcy Rule 8008(a).

[3] In the interim, Alber filed a motion for reconsideration, which the District Court denied on June 12, 2007.

including an analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense. Id.; Emerson, 296 F.3d at 190. Not all factors need to be satisfied for the trial court to dismiss a complaint. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). We recognize that the sanction of dismissal is extreme and should be reserved for cases where it is justly deserved, but our standard of review is deferential. Id. at 221-22.

The District Court memorialized its Poulis findings in its February 27, 2007 decision. In summary, the District Court concluded that Alber was personally responsible for his failures to timely pursue his appeal; the appellees were burdened by Alber's repeated failures and the motion practice generated by those failures; Alber demonstrated a history of dilatory conduct; Alber's conduct was inconsistent with an interest in, or respect for, the appellate process; there were no effective alternatives to the sanction of dismissal; and there was minimal likelihood that Alber would succeed in challenging the Bankruptcy Court's exercise of discretion in fashioning relief in its October 2005 order.

Upon review, we discern no abuse of discretion by the District Court in dismissing the bankruptcy appeal. Because Alber proceeded pro se, he is personally responsible for the delays in the appeal due to his inadequate designation of the record on appeal and his repeated failures to adhere to ordered briefing deadlines. See Emerson, 296 F.3d at 190. Alber protests that the District Court improperly characterized his first attempt at a record designation as an example of dilatoriness, when at worst, his pro se submission was merely amateurish. Even giving Alber the benefit of the doubt on this point, the record

amply reflects that he failed to file a timely opening brief despite thrice being given opportunity to do so. The record also supports the finding of prejudice, as TBF, MNAT, and Gold were forced to file motions to seek Alber's compliance with the Court's orders. See Poulis, 747 F.2d at 868. Moreover, the record provides a basis to conclude that Alber's conduct showed willful disregard for the appellate process. He ignored the deadlines issued by the District Court, on one hand contending that he was suffering from illness and on the other hand electing to tend to his other litigation in Arizona rather than to obey the orders in his bankruptcy appeal. Furthermore, given the Bankruptcy Court's discretion to formulate an appropriate remedy regarding violations of an estate professional's disclosure obligations and disinterestedness requirements, see United States Trustee v. Price Waterhouse, 19 F.3d 138, 142 (3d Cir. 1994), and to approve settlements under Bankruptcy Rule 9019, see In re Nutraquest, Inc., 434 F.3d 639, 644-45 (3d Cir. 2006), we agree with the District Court's analysis regarding the degree of merit regarding Alber's appeal.

As for the question of alternative sanctions, the record shows that Alber missed the first ordered deadline and belatedly obtained additional time to file his brief, then missed the second deadline, did not oppose the subsequent motion to dismiss, did not seek additional time for briefing, and finally, did not timely file his brief. Despite being given a final opportunity to file a brief under the threat of sanctions, having already been heard on his claim of illness, ultimately, Alber still did not timely file a brief. Nor did he seek an extension of time for medical reasons or for any other reasons. Alber's bankruptcy

6

appeal already had been pending for more than one year when the District Court issued its January 5, 2007 order for Alber to file his opening brief. Under the circumstances, we conclude that the District Court did not abuse its discretion in opting for the sanction of dismissal.

Alber and appellee Haas contend that Alber's brief was sufficiently compliant with the final scheduling order's January 18, 2007 deadline. Alber bases this argument on the application of Rules 25(c) and 26(c) of the Federal Rules of Appellate Procedure, which concern service by mail and the allowance of three additional days for response after being served by mail. We note that the Federal Rules of Appellate Procedure do not apply to bankruptcy appeals in the District Court, but to the extent that Alber makes his argument based on Rule 9006 of Bankruptcy Procedure, it is unclear why Alber saw fit to ignore the unambiguous and fixed date given in the District Court's scheduling order and instead to apply his own calculation. The January 5, 2007 scheduling order named a date certain as a deadline, not a "prescribed period after service" governed by the applicable rule. Alber does not contend that he filed his brief on or before the January 18, 2007 deadline, and we are not convinced by his timeliness argument.[4]

We have considered all of Alber's contentions on appeal and find them to be

---

[4] We note that Alber bemoans that he did not receive notice of the January 18, 2007 deadline until January 11, 2007. However, in light of the previous deadlines for his brief extending back to October 4, 2006 and November 15, 2007, we do not credit Alber's suggestion that he was somehow surprised by the briefing requirement or that he did not have enough time to prepare and file his brief.

7

unavailing. We will affirm the District Court's dismissal order. We deny Alber's motion to expand the record. We grant appellee Haas's motion to file a supplemental appendix and to exceed the page limits.