In re Gildas A. KAIB, Debtor.

Jeffrey J. Sikirica, Chapter 7 Trustee, Movant,

v.

No Respondent, Respondent(s).

No. 07–27770–JAD.
Related to Dkt. No. 388.

United States Bankruptcy Court, W.D. Pennsylvania.

March 11, 2011.

Rodney D. Shepherd, River Park Commons, Pittsburgh, PA, for Debtor.

Jeffrey J. Sikirica, Gibsonia, PA, for Trustee.

Joseph M. Fornari Jr., Pittsburgh, PA, for U.S. Trustee.

## MEMORANDUM OPINION

JEFFERY A. DELLER, Bankruptcy Judge.

The matter before the Court is the Chapter 7 Trustee's *Motion for Clarification of Order of Court,* which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

By the motion, the Chapter 7 Trustee is requesting that the Court determine whether a prior order of the court dated February 6, 2009 should be "clarified" so that the debtor's former counsel (Robert O Lampl, Esquire) can be awarded approximately $7,000 in additional fees and expenses in this case. For the reasons set forth below, the Court finds that there is no reason to "clarify" the Court's prior order.

As an initial matter, the Court's February 6, 2009 order states as follows:

## ORDER OF COURT

Upon consideration of the foregoing Application of Robert O Lampl for Interim Compensation and Reimbursement of Expenses as Counsel to the Debtor, it is hereby **ORDERED, ADJUDGED** and **DECREED** that the Applicant, Robert O Lampl, be, and hereby is, granted fees and expenses from the Debtor in the amount of $21,314.66 from December 10, 2007 through November 19, 2008. It is further **ORDERED, ADJUDGED** and **DE-CREED** that the $10,000.00 payment which represents non-Estate funds and which was approved by Order of Court dated June 24, 2008 at Document No. 91 be, and hereby is, **APPROVED** to be ap-

plied to post-petition services.*

Date: *2–6–09*

/s/

United States Bankruptcy Judge

*See* (Dkt. # 157).

■ As can be seen by its text, the February 6, 2009 order is not ambiguous. It is clear and unequivocal. It provides that former counsel is awarded fees and expenses in the amount of $21,314.66 on account of post-petition services. It further provides that former counsel may apply his $10,000 post-petition retainer towards sums due on account of post-petition services.

With this order being clear and unambiguous, the Court sees no need to "clarify" it. The Court's conclusion is particularly acute since the motion to "clarify" has been brought approximately two years after the entry of the February 6, 2009 order; and during this intervening time period nary an objection or appeal had been lodged regarding the order's terms.

The Court would also note that the issuance of the February 6, 2009 order was the result of hearings held on January 6, 2009 and February 6, 2009 at which the debtor appeared pro se and advised that he had objections to the fee application. A member of former counsel's firm appeared at the hearings and agreed to reduce requested compensation by $7,000.00. Because the summary page and application for compensation (as well as the proposed order) sought a total of $28,314.66 in fees and expenses, it was from this sum that

the Court deducted $7,000.00 and affirmatively found that $21,314.66 is reasonable compensation. It is this finding that is embodied in the order.

The Court would note that the Chapter 7 Trustee's motion to clarify does not state the legal basis (whether it be a rule of procedure or other source of law) upon which the motion rests. For this reason the motion is also denied.

Even if the Court has authority to reconsider its prior order and vacate it on the basis of mistake or some other reason, the Court is not inclined to award any more fees to former counsel under the facts and circumstances of this case.

At the hearings on the original application for compensation, the Court inquired about irregularities contained in the fee petition when compared against disclosure documents filed by counsel. Specifically, the Court inquired as to why the disclosures of counsel were incomplete and why counsel's numbers were incorrect and/or inconsistent.

Those irregularities included the fact that counsel's Rule 2016 Statement appeared to reflect that counsel agreed to accept this case on a flat fee basis of $15,000, and his fee petition was for $28,314.66.[1]

Another irregularity was that counsel was seeking allowance and payment of pre-petition fees that were never previously disclosed. In addition, payment of the previously not disclosed pre-petition claim

---

* In addition, the objection is overruled for the reasons stated on the record.

1. The Court would note that the Rule 2016 Statement did carve-out relief from stay matters from the flat fee or fixed fee. However, a review of the time entries reflect that the time spent by counsel on relief from stay and related activities approximated $4,470 of time. As such, it appears that the fee petition asked for

approximately $10,000 more than what was provided for in the Rule 2016 Statement. *See In re Berg*, 356 B.R. 378, 381 (Bankr.E.D.Pa. 2006) (2016(b) disclosures must be 'precise and complete' with no excuses such as 'inadvertence, neglect or ignorance' ...) (*citing* 8 COLLIER ON BANKRUPTCY, ¶ 2016.04[1]; 2016.01[1] (15th ed. 1991)).

appeared to be improper when other pre-petition creditors were unpaid and no basis at law exists to elevate such pre-petition claims of counsel.

Another irregularity was the existence of the payment of approximately $6,000 in retainers to counsel, when counsel's disclosures in its Rule 2016 Statement and in Interrogatory # 9 of the debtor's Statement of Financial Affairs reflected a retainer of $5,000.

An additional irregularity identified by the Court arose out of a $10,000 post-petition retainer remitted to counsel. Earlier in this case (before counsel's fee application was filed), the Court approved a sale of certain assets. The Court then approved a settlement with respect to the disposition of funds relating to the sale. During those proceedings counsel initially submitted an order that was silent in terms of payment to counsel. Thereafter, counsel unilaterally and without notice to creditors bench filed a proposed order that provided for what the Court understood to be a $10,000 post-petition retainer to Mr. Lampl.

At the sale settlement hearing, when the Court inquired regarding the propriety of the post-petition retainer, counsel affirmatively represented to the Court that counsel never received a retainer in this case and that a carve-out of $10,000 of the sale proceeds would serve as such a retainer. Keep in mind, this occurred well before the filing of the fee petition and at that juncture of the case the Court had not had cause to review counsel's Rule

2016 Statement or the debtor's Statement of Financial Affairs. So the Court had no knowledge of prior retainers and the Court accepted counsel's representation. In reliance upon this representation, the Court then approved the carve-out subject to the fee application process and disgorgement rights of creditors and other parties-in-interest.

■ The representation of counsel as to the non-existence of a retainer, however, was contrary to the Rule 2016 Statement and Interrogatory # 9 to the debtor's Statement of Financial Affairs. In addition, during the sale settlement hearing counsel never indicated to the Court that counsel had any unpaid pre-petition claim or that the proposed new retainer would collateralize pre-petition debt.[2] Instead, counsel's silence and lack of disclosure led the Court to believe that the $10,000 carve-out was a mere post-petition retainer.

Of course, in retrospect, the representation that counsel never received a retainer was not true. The very documents filed by counsel with his fee petition reflect as much.

The Court is troubled by the fact that counsel's disclosures pursuant to 11 U.S.C. §§ 327, 328, 329 and 330 and Fed. R.Bankr.P. 2014, 2016, and 2017 have been inaccurate, incomplete and a moving target.

■ The record reflects that the exact status of the retainers paid to counsel are all over the proverbial map.[3] In addition,

---

**2.** Cross collateralizing is generally disallowed in a bankruptcy context. *See e.g., Shapiro v. Saybrook Mfg. Co., Inc. (Matter of Saybrook Mfg. Co., Inc.),* 963 F.2d 1490 (11th Cir.1992).

**3.** For example, the Rule 2016 Statement and Interrogatory # 9 to the Statement of Financial Affairs reflect a $5,000 retainer, while the fee petition references $5,500 of aggregate

"Pre–Petition Retainer" payments plus an additional $500 payment. The fee petition also reflects a post-petition payment of $1,200 as reimbursement for expenses that was never authorized. *See* 11 U.S.C. §§ 330 and 549. The Statement of Financial Affairs filed on February 8, 2008 indicates that the $5,000 was received in "12/08". The Court presumes

the fact that counsel had an unpaid pre-petition claim was never disclosed until the fee petition itself was filed. Certainly the existence of an unpaid pre-petition claim should have been disclosed by counsel at the outset of the bankruptcy case because the existence of such an unpaid claim affects the analysis of whether counsel is "disinterested" for purposes of being retained by the bankruptcy estate pursuant to 11 U.S.C. § 327. *See United States Trustee v. Price Waterhouse*, 19 F.3d 138 (3d Cir.1994) (disallowing retention of professional who held a pre-petition claim against the bankruptcy estate). Counsel should have also disclosed this claim when counsel sought the $10,000 post-petition retainer. Instead, counsel sat silent.

Compounding this issue is the fact that it was not until after counsel's representation of the debtor was coming to an end that counsel disclosed that he had represented the debtor's non-debtor spouse. Why would such representation not be disclosed at the outset of the case?

█ Counsel's failure to disclose the prior representation of the spouse is disconcerting because the debtor's schedules acknowledge that the spouse is a co-obligor of certain debts with the debtor. As such, when this case was commenced, the spouse was a contingent creditor of the debtor by operation of 11 U.S.C. § 509. Surely the representation of the spouse should have been disclosed under these circumstances.

Moreover, an examination of the debtor's Statements of Financial Affairs reflects that, several months before the bankruptcy, the debtor re-deeded valuable real property from the debtor's name into the joint name of the debtor and his spouse.[4] As represented by the Chapter 7 Trustee in pleadings and in prior hearings in this bankruptcy case, these transfers formed a basis for both objections to the debtor's claims of exemptions and possible avoidance actions by the estate against the debtor and his spouse. *See e.g., Norwest Bank Nebraska, N.A. v. Tveten*, 848 F.2d 871 (8th Cir.1988); *Klein v. Weidner*, C.A. No. 08–3798, 2010 WL 571800 (E.D.Pa. Feb.17, 2010); and *In re DelCorso*, 382 B.R. 240 (Bankr.E.D.Pa.2007).[5] These circumstances also dictate that counsel's representation of the non-debtor spouse

---

a typographical error regarding the reference to 2008 instead of 2007; however, the fee petition states that payments were received in August and September of 2007. Notwithstanding the references of pre-petition retainers in the Rule 2016 statement, Statement of Financial Affairs and the fee petition, counsel at the February 6, 2009 hearing stated that the payments were not really retainers; rather, they were allegedly payments on account of past due debts. If this representation is correct, then counsel never disclosed such payments in the Rule 2014 (or Rule 2016 or 2017 for that matter) affidavit. In addition, the payment of a pre-petition debt on the eve of a bankruptcy filing also creates conflict issues for counsel as set forth in the Third Circuit opinion in *In re Pillowtex, Inc.*, 304 F.3d 246 (3d Cir.2002).

4. Joint real estate in the case listed in Schedule A is valued in excess of $1.3 million. In addition, late in the case the debtor filed pleadings with the Court complaining that counsel failed to schedule interests of the debtor in certain real estate located in the Mount Washington section of Pittsburgh valued at approximately $3.6 million. The issue concerning the interests in property is apparently what led to the breakdown of the debtor's relationship with his counsel. *See* (Dkt. # 152—*Letter Requesting Termination of Attorneys* ); (Dkt. # 163—*Motion to Amend Plan* ); (Dkt. # 164—*Motion to Vacate Final Decree* ); (Dkt. # 259—*Response to Motion to Reconvert* ); and (Dkt. # 287—*Stipulated Order* ).

5. The Chapter 7 Trustee objected to the exemptions taken by the debtor. Ultimately, the debtor and the Chapter 7 Trustee settled their differences. *See* (Dkt. # 287—*Stipulated Order* ). As a result, certain assets were liquidated for the benefit of creditors.

should have been disclosed from the outset of this case. But, again, no disclosure was made until after counsel's representation of the debtor was terminated or about to be terminated.

 It is clear to the Court that counsel's disclosures were not properly made. This was (and is) troubling to the Court because the burden of disclosing the attorney's connections, claims, retainers and other compensation received (and or promised) is on the attorney. *See e.g., In re Adam Furniture Industries, Inc.,* 158 B.R. 291, 298 (Bankr.S.D.Ga.1993).[6] "Even that which on the surface may appear to be trivial connections should be disclosed in order for the integrity of the bankruptcy system to be maintained." *Id.* at 299 (citing *In re EWC, Inc.,* 138 B.R. 276, 280–81 (Bankr.W.D.Okla.1992)).

Why should counsel be rewarded for his failure to come forward and adequately and fully disclose his claims, interests and connections in the case? The Bankruptcy Code itself suggests that counsel should not be rewarded under these circumstances. *See* 11 U.S.C. § 328(c) ("the court may deny allowance of compensation . . . of a professional . . . if . . . such professional person is not a disinterested person, . . . or holds an interest adverse to the interest of the estate . . .").

 In addition, case law holds that the failure to fully disclose the relationships as required by law can warrant disqualification, denial of compensation, and disgorgement of any compensation already received. *Adam Furniture,* 158 B.R. at 299

(citing *In re EWC, Inc.,* 138 B.R. at 280). Such a determination is up to the discretion of the Court.

It is this Court's view that the present award of fees and expenses to counsel is more than generous. Perhaps, in retrospect, the Court's discretion was too generous.

The Court certainly could have disallowed all compensation sought by counsel. The Court could have even ordered counsel to disgorge the sums previously paid to counsel. Notwithstanding these options, the Court elected to move this case forward without more elucidation because this case had already consumed much of the Court's time, the Clerk's time and counsel's time. The Court also elected to move this case forward because the Court believed that counsel was willing to voluntarily reduce his post-petition fee request by $7,000–which in the Court's view was a fair result. Apparently that was not the case as former counsel for the debtor is now requesting allowance of all of his post-petition fees; thus the need for this *Memorandum Opinion.*

The record reflects that the Court in essence reduced counsel's post-petition claim by $7,000, authorized counsel to have an allowed Chapter 11 administrative expense in the amount of $21,314.66, and authorized counsel to offset the $10,000 post-petition retainer against such sums.[7] Such a result is appropriate under the circumstances of this case, taking into consideration the amount of work put into this case by counsel, the fact that this case was

---

6. *See also In re Kings River Resorts, Inc.,* 342 B.R. 76 (Bankr.E.D.Cal.2006); *In re Sabre Inter'l, Inc.,* 289 B.R. 420 (Bankr.N.D.Okl. 2003); *In re Midway Indus. Contractors, Inc.,* 272 B.R. 651 (Bankr.N.D.Ill.2001); *Filene's Basement, Inc.,* 239 B.R. 850 (Bankr.D.Mass. 1999); *In re Leslie Fay Cos.,* 175 B.R. 525 (Bankr.S.D.N.Y.1994).

7. The Court would also note that based on the colloquy at the February 6, 2009 hearing, counsel offset the firm's pre-petition claim against the $6,000 received pre-petition and agreed to waive any further pre-petition claim against the estate.

an unsuccessful Chapter 11, and that proper disclosures were not made by experienced counsel who should know better.

The Court recognizes that counsel may believe that the amount involved regarding the retainer is not, relatively speaking, a significant amount. The principle of disclosure, upon which the bankruptcy system is premised and relies, however, is significant. The Court and parties involved in a case must be able to rely on the oral and written representations of counsel. *See e.g., In re Syndicom Corp.*, 268 B.R. 26, 42 (Bankr.S.D.N.Y.2001).

The Court therefore declines to further revisit its prior order and will neither increase nor reduce compensation to counsel any further. While the Court will not decrease compensation to counsel at this time, the Court expects counsel's future disclosures to be fully accurate, whole and complete. Neither the Court, nor creditors or other parties-in-interest, should be forced to be detectives, clairvoyants, or soothsayers to figure out exactly what counsel's arrangement is with his clients (or other parties-in-interest) in a bankruptcy case. As one court aptly stated: "Coy or incomplete disclosures which leave the court to ferret out pertinent information from other sources are not sufficient. (Citations omitted). Anything less than the full measure of disclosure leaves counsel at risk that all compensation may be denied." *In re Saturley*, 131 B.R. 509, 516 (Bankr.D.Me.1991): *see also In re Rusty Jones*, 134 B.R. 321, 345 (Bankr. N.D.Ill.1991) (the court should not have to "rummage through files" to determine if counsel has satisfied his obligations of disclosure).

For the reasons set forth above, the Court shall enter an order which denies the Chapter 7 Trustee's motion for clarification.

***ORDER OF COURT***

**AND NOW,** this **11th** day of **March, 2011,** for the reasons expressed in the Memorandum Opinion issued contemporaneously herewith, the Court hereby **ORDERS, ADJUDGES** and **DECREES** that the Chapter 7 Trustee's *Motion for Clarification of Order of Court* is **DENIED.**

